IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.                                                                                       Criminal No. **3:12CR49**

**JOHN PRIDE, III,**

      Petitioner.

### MEMORANDUM OPINION

John Pride, III, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 33).[1] By Memorandum Order entered on April 11, 2016, the Court directed Pride to show cause as to why his § 2255 Motion should not be dismissed as untimely under 28 U.S.C. § 2255(f). (ECF No. 57, at 3.) Pride has submitted his response to the Court's Memorandum Order. (ECF No. 58.)

### I.     PROCEDURAL HISTORY

On April 3, 2012, a grand jury charged Pride, in a one-count Indictment, with conspiracy to distribute 280 grams or more of a mixture and substance containing a detectable amount of cocaine base. (Indictment 1, ECF No. 1.) Pride pled guilty to the charge. (Plea Agreement ¶ 1, ECF No. 19.) On October 11, 2012, the undersigned entered judgment against Pride and sentenced him to 120 months of incarceration. (J. 2, ECF No. 29.) Pride did not appeal.

On December 26, 2013, Pride mailed the instant § 2255 Motion to the Court. (§ 2255 Mot. 11.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (concluding that a prisoner's document is considered filed when the prisoner places the document in the prison mailing system for mailing to the Court). In his

---

[1] The Court employs the pagination assigned to Pride's submissions by the CM/ECF docketing system.

§ 2255 Motion, Pride contends that he is entitled to a reduction in his sentence under Amendment 750 to the Sentencing Guidelines. (Br. Supp. § 2255 Mot. 4, ECF No. 33-1.) Pride also glosses over a claim that counsel was ineffective for failing to raise objections to his Pre-Sentence Investigation Report. (*Id.* at 9.) Pride has also filed two motions to amend his § 2255 Motion ("First Motion to Amend," ECF No. 40; "Second Motion to Amend," ECF No. 49),[2] as well as a motion for an extension of time to seek reconsideration of a prior Court Order ("Motion for Extension of Time," ECF No. 48). Because Pride has failed to identify which Court Order he seeks reconsideration for, his Motion for Extension of Time (ECF No. 48) will be DENIED.

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] In his First Motion to Amend, Pride seeks to add the following claims for relief: (1) "[t]hat the district court was in error when it allowed a magistrate judge to accept [Pride's] guilty plea in violation of the 'Federal Magistrates Act'" (First Mot. Amend 1 (emphasis omitted)); and, (2) Pride's "[Fifth] and [Sixth] Amendment rights were violated in light of *Blakely v. Washington*, 542 U.S. 296 [(2004)]" (*id.* (punctuation corrected and emphasis added)). In his Second Motion to Amend, Pride seeks to add a claim that his right to effective assistance of counsel was denied "[a]t numerous critical stages in the proceedings." (Second Mot. Amend 2.)

2

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Pride did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Thursday, October 25, 2012, the last date to file an appeal. *See United States v. Clayton*, No. 3:07CR488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (requiring defendant to file an appeal within fourteen (14) days of the entry of judgment). Hence, Pride had until Friday, October 25, 2013 to file any motion under 28 U.S.C. § 2255. Because Pride failed to file his § 2255 Motion by that date, it is barred by the statute of limitations.

In his response to the Court's April 11, 2016, Memorandum Order, Pride suggests that while some courts have held that a conviction is final under § 2255(f)(1) "on the date [the] United States Supreme Court denied certiorari following direct appeal" (Resp. 2 (citations omitted)), others "have held that where no certiorari petition is filed, the one-year period begins to run on the date after which petitioner could no longer petition the Supreme Court for a writ of certiorari" (*id.* (citations omitted)). Pride suggests that for his § 2255 Motion to be timely under § 2255(f)(1), he needed to file it by January 9, 2014. (*Id.*) This is patently untrue. Because Pride did not file a direct appeal, the time period for filing a petition for a writ of certiorari has no bearing on when his conviction became final under § 2255(f)(1). Because Pride did not file his § 2255 Motion until December 26, 2013, the motion is untimely under 28 U.S.C.

3

§ 2255(f)(1). Thus, Pride has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.[3]

### III. CONCLUSION

For the foregoing reasons, Pride's § 2255 Motion (ECF No. 33) will be DENIED. Pride's First Motion to Amend (ECF No. 40) and Second Motion to Amend (ECF No. 49) will be DENIED AS FUTILE. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted). The Motion for Extension of Time (ECF No. 46) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 5/4/16
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[3] Neither Pride nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4), or for equitable tolling.